UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MISTI JO S.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | NO. 4:22-CV-5005-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 14, 15). These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **denies** Plaintiff's motion and **grants** Defendant's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

This matter comes before the Court after a remand issued by the Appeals Council. Tr. 232. Plaintiff previously filed applications for Title II and Title XVI benefits on January 17, 2012. Tr. 15. Those applications were ultimately denied on June 26, 2014. *Id*. Plaintiff appealed the decision, which was affirmed by the Appeals Council on January 5, 2015. *Id*. On July 22, 2016, Plaintiff subsequently filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of December 1, 2011. Tr. 18. Because the current application falls within the previously adjudicated period, the ALJ considered whether to reopen the prior disability determinations. Tr. 15. After reviewing Plaintiff's application and considering SSR 91-5p, the ALJ determined there was no basis for reopening the prior Title XVI application. *Id*. The ALJ was also required to consider whether "changed circumstance" indicating a greater disability existed after the prior decision. Tr. 16; *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). The ALJ concluded Plaintiff carried her burden to establish "changed circumstances" based on new and material evidence of severe impairments. Tr. 16.

At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 22, 2016, the application date.

Tr. 18. At step two, the ALJ found Plaintiff had the following severe impairments: HIV, spondylolisthesis, migraines, and anxiety disorder. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id*. The ALJ then found Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff can] lift 20 pounds occasionally and 10 pounds frequently; stand/walk for up to 4 hours a day with ordinary breaks; occasionally balance, stoop, kneel, crouch, or crawl; occasionally climb ladders, ropes, or scaffolds; avoid exposure to hazardous machinery or equipment; and work in an environment with no more than ordinary office level lighting or noise. The claimant is limited to simple, routine and repetitive tasks with occasional detailed work, only ordinary production requirement, and superficial and brief contact with coworkers and general public.

Tr. 21.

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. Tr. 30. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as a Routing Clerk, a Mail Routing Clerk, and a Marking Clerk. Tr. 31. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Social Security Act, from July 22, 2016, through January 19, 2021, the date of the ALJ's decision. Tr. 32.

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated the medical opinion evidence;
2. Whether the ALJ properly conducted a step three analysis;
3. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony; and
4. Whether the ALJ conducted an adequate analysis at step five.

ECF No. 14 at 5.

# DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff alleges the ALJ improperly rejected the medical opinions of Richard Meadows, M.D., Tae-Im Moon, Ph.D., Erin Darlington, Ph.D., Jennifer Fordmeir, ARNP, Daniel N. Neims, Psy.D., Brent Packet, M.D., David T. Morgan, Ph.D., and Luci Carstens, Ph.D. ECF No. 14 at 7–14. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d

1195, 1201–02 (9th Cir. 2001) (citations omitted).  Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician.  *Id.*  In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists.  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir. 2000) (internal quotations and brackets omitted).  An ALJ may only reject the opinion of a treating or examining doctor by providing specific and legitimate reasons that are supported by a substantial weight of the evidence, even if that opinion is contradicted by another doctor.  *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

*1. Richard Meadows, MD*

Plaintiff challenges the ALJ's assessment of Dr. Meadows' opinion regarding Plaintiff's impairments. ECF No. 14 at 7. Dr. Meadows is Plaintiff's treating physician who opined in 2015 that Plaintiff suffers from migraines, joint pain, depression, memory loss, poor balance, difficulty concentrating, blurred vision, and anxiety. Tr. 28. In 2016, Dr. Meadows opined that Plaintiff had marked limitations due to HIV, severe limitations due to migraines and anxiety, and moderate limitations due to fatigue. *Id*. In both opinions, Dr. Meadows stated Plaintiff was unable to be in the workplace due to extreme anxiety about coworkers judging her for HIV and that Plaintiff's anxiety triggers her migraines. *Id*. The ALJ gave Dr. Meadows' opinions little weight, finding the opinions inconsistent with other treatment records and inconsistent with Plaintiff's reported abilities to carry out activities of daily living. *Id*.

To illustrate, Plaintiff's medical records indicate her HIV was controlled and stable. *Id*. Although Plaintiff reported anxiety about her HIV status, she did not reflect a nervous mood until asked to have disability paperwork completed. *Id*. Moreover, Plaintiff did not consistently seek mental health treatment or take medication, stating she did not know how medications for her other conditions would affect her HIV medications, despite never being told by a care provider those other medications would negatively impact her HIV treatment. *Id*. The ALJ

cited numerous records to support these conclusions. *Id.* (citations to the record omitted). Accordingly, the Court finds the ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion.

          *2. Tae-Im Moon, PhD; Erin Darlington, PhD; Jennifer Fordmeir, ARNP*

Plaintiff argues the ALJ improperly rejected the evaluations provided by Dr. Moon, Dr. Darlington, and Ms. Fordmeir. ECF No. 14 at 12. In 2016, Dr. Moon opined that Plaintiff had marked limitations in her ability to understand, remember, and persist, and in her ability to perform within a schedule, learn new tasks, communicate effectively in a work setting, and complete a normal workday. Tr. 28–29. Dr. Darlington reviewed Dr. Moon's evaluations and opined that Plaintiff had marked limitations in her ability to maintain a normal workday and work week. Tr. 29. Ms. Fordmeir also opined that Plaintiff had severe and marked limitations in twelve out of thirteen areas of functioning. *Id.*

The ALJ gave these opinions little weight. *Id.* First, Ms. Fordmeir and Dr. Darlington's opinions were inconsistent with each other, even though they occurred less than two weeks apart. *Id.* Additionally, none of the three opinions were consistent with other treatment records. *Id.* The ALJ cited several records demonstrating Plaintiff generally presented with normal speech, thought content, cognition, and memory, and generally had benign mental status evaluations. *Id.* (citations to the record omitted). The Court finds the ALJ's opinion was supported

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

by specific and legitimate reasons that were supported by substantial evidence.

        3.  *Daniel N. Neims, PsyD; Brent Packer, MD; David T. Morgan, PhD; Luci Carstens, PhD*

Plaintiff also challenges the ALJ's rejection of the opinions of Drs. Neims, Packer, Morgan, and Carstens. ECF No. 14 at 14. Drs. Neims and Packer provided reviewing opinions in 2014 and 2016, respectively. Tr. 741–54. Dr. Neims opined that Plaintiff was limited to sedentary exertion due to HIV and sciatica, and limited or mildly limited based on mood and anxiety disorder. Tr. 29. Dr. Packer opined that Plaintiff was limited to less than sedentary exertion, which was based on Dr. Meadows' assessment that Plaintiff's HIV was controlled but complicated by migraines, fatigue, and psychiatric conditions. *Id*.

The ALJ determined that because these reviewing opinions were premised on earlier opinions, they were inconsistent with Plaintiff's overall treatment records, which reflected generally normal psychiatric indicators, except briefly when Plaintiff sough the completion of disability paperwork. *Id*. The ALJ cited numerous records to support her conclusions. Thus, the ALJ's findings are reasonable and supported by substantial evidence.

**B. Step Three Analysis**

Plaintiff argues the ALJ failed to conduct an adequate analysis at step three by failing to account for Plaintiff's consistent anxiety/depression and her deficits in

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

memory and concentration. ECF No. 14 at 16. At step three, the ALJ first determines whether a claimant's impairment meets or equals an impairment in the Listing of Impairments (the "Listings"). *See* 20 C.F.R. § 416.920(a)(4)(iii). The Listings describe specific impairments that are recognized as severe enough to prevent a person from engaging in substantially gainful activities. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Each impairment is described using characteristics established through "symptoms, signs and laboratory findings." *Tackett*, 180 F.3d at 1099.

To meet an impairment, a claimant must establish she meets each of the characteristics of the listed impairment. *Id.* To equal an impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of the listed impairment, or, if a claimant's impairment is not listed, to the impairment "most like" the claimant's own. *Id.* If a claimant meets or equals one of the listed impairments, the claimant will be considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d). However, "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff does not cite to any evidence in the record to demonstrate she meets or equals a listed impairment. Rather, Plaintiff refers to her own interpretation of the medical opinion evidence to support her contention that she is disabled

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1  pursuant to Listings 12.04 and 12.06.  ECF No. 14 at 17.  However, the Court has

2  already determined the ALJ properly rejected those opinions because they were

3  inconsistent with Plaintiff's overall record.  Moreover, the ALJ concluded at step

4  three that the objective medical evidence did not support a finding that Plaintiff

5  met any Listing criteria, and cited to numerous records to support her conclusion.

6  Tr. 18–21 (citations to the record omitted).  If the evidence in the record "is

7  susceptible to more than one rational interpretation, [the court] must uphold the

8  ALJ's findings if they are supported by inferences reasonably drawn from the

9  record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  The ALJ's

10 findings at step three are reasonable and supported by substantial evidence.

**C. Subjective Symptom Testimony**

12 Plaintiff argues the ALJ failed to provide clear and convincing reasons for

13 rejecting Plaintiff's subjective symptom testimony.  ECF No. 14 at 17.  An ALJ

14 engages in a two-step analysis to determine whether to discount a claimant's

15 testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.

16 "First, the ALJ must determine whether there is 'objective medical evidence of an

17 underlying impairment which could reasonably be expected to produce the pain or

18 other symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*,

19 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that [the

20 claimant's] impairment 'could reasonably be expected to cause the severity of the

symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 22. In arriving at this conclusion, the ALJ considered several of the factors described above.

First, the ALJ considered Plaintiff's ability to engage in daily activities. Plaintiff testified she was able to complete personal hygiene tasks on her own, cook meals, manage her medication and medical appointments, and complete household chores. Tr. 20. Plaintiff also stated she was able to walk "long ways," "sit all day," read, watch TV, and use a computer for at least 30 minutes at a time. *Id*. Finally, Plaintiff indicated she filled her days by visiting her mother, watching TV, and using the computer. *Id*. The ALJ concluded Plaintiff's ability to carry out

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

daily activities did not comport with the degree of impairment she alleged. *Id*.

The ALJ also noted that Plaintiff's HIV was well managed and controlled with medication. Tr. 23 (citations to the record omitted). Plaintiff also did not demonstrate any notable side effects from the HIV medications, such as thrush in the mouth/throat or swollen nodes. *Id*. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin*., 439 F.3d 1001, 1006 (9th Cir. 2006).

Next, the ALJ considered conditions that precipitate or aggravate Plaintiff's symptoms. Plaintiff reported debilitating symptoms from migraine headaches and anxiety, yet she did not take medication for these conditions because she was concerned about how they would interact with her HIV medication. Tr. 22, 24. The ALJ noted Plaintiff had been prescribed medication for her psychological symptoms in the past but chose not to take them. Tr. 25. The ALJ further noted that one care provider explicitly stated that any adverse interactions between Plaintiff's HIV medication and anti-depressants or anti-anxiety medication would be minimal. Tr. 26. Finally, the ALJ found the Plaintiff stopped attending counseling sessions, stating she "guessed she was not good at counseling." *Id*. The ALJ concluded Plaintiff's rejection of medication for her psychological symptoms was inconsistent with her testimony regarding the severity of her

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1 impairments.  Tr. 28.

2 　　　Finally, the ALJ evaluated the consistency between Plaintiff's subjective
3 symptom testimony and the objective medical evidence, finding Plaintiff's records
4 did not reflect the degree of impairment she testified to having.  Tr. 22–30.  For
5 example, Plaintiff reported severe anxiety but rarely presented as anxious or
6 nervous during her treatment sessions.  Tr. 24, 26, 27 (citations to the record
7 omitted).  Conversely, Plaintiff generally presented with adequate grooming, good
8 eye contact, linear and goal directed thought process, and no delusions or suicidal
9 ideation.  Tr. 25.

10 　　　Based on the foregoing, the Court finds the ALJ provided clear and
11 convincing reasons for rejecting Plaintiff's symptom testimony, and those reasons
12 are supported by substantial evidence.

13 　　　**D. Step Five Analysis**

14 　　　Plaintiff alleges the ALJ failed to conduct an adequate step five analysis by
15 relying on an incomplete hypothetical.  ECF No. 14 at 20.  If a claimant cannot
16 perform his or her past relevant work, at step five the ALJ must show there are a
17 significant number of jobs in the national economy the claimant is able to do.
18 *Tackett*, 180 F.3d at 1098–99; 20 C.F.R. § 416.920(d)–(e).  To do so, the ALJ may
19 employ the testimony of a vocational expert.  *Tackett*, 180 F.3d at 1100–01;
20 *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).  The ALJ's findings will

be upheld if the weight of medical evidence in the record supports the hypothetical posed by the ALJ. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony will qualify as substantial evidence if it is reliable. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

Here, the hypothetical posed to the vocational expert asked the expert to consider a claimant with Plaintiff's age, education, work experience, and residual functional capacity to perform light work with the following additional limitations:

> [the individual can] lift 20 pounds occasionally and 10 pounds frequently. Stand and walk for up to four hours a day with ordinary breaks. Sit up to six hours a day with ordinary breaks. Occasionally balance, stoop, kneel, crouch, and crawl. Occasionally climbing ladders, ropes, and scaffolding. No more than ordinary office level lighting or office level noise. Avoid exposure to hazardous machinery and equipment. Simple routine and repetitive tasks with occasional detailed work. Only ordinary production requirements. Superficial and brief contact with coworkers and the general public[.]

Tr. 122–23. The vocational expert testified that the hypothetical person would be able to perform several representative occupations, including routing clerk, mailroom clerk, and marking clerk. Tr. 123.

Plaintiff argues the hypotheticals were incomplete because they did not account for certain of Plaintiff's limitations, specifically that Plaintiff would be absent from work for two to three days per month, would require extra breaks away from the workstation of 30 to 45 minutes in duration for one to three times

per day, or would be off task 20% of the time. ECF No. 14 at 20. Plaintiff does not cite to any evidence in the record to support her assertion that these limitations should have been included.

Having determined the ALJ properly rejected the medical opinion evidence and Plaintiff's subjective symptom testimony, the Court concludes the ALJ carried her burden to prove Plaintiff retains the residual functional capacity to perform certain jobs in the national economy. The ALJ's conclusion is reasonable and supported by substantial evidence.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **close** the file.

DATED September 6, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20